UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WB MUSIC CORP., <br> THE HOLMES LINE OF MUSIC, INC., <br> MATKOSKY MUSIC, <br> CHAPPELL AND COMPANY, INC., <br> PARDINI MUSIC, EAST JESUS MUSIC, <br> TAFARI MUSIC, INC., <br> M O B MUSIC PUBLISHING, <br><br> Plaintiffs, <br><br> v. <br><br> PORT CITY CRUISE LINE, INC., and <br> SYLVIA J. PRECIOUS, <br><br> Defendants. | Case No. 1:09-cv-742 <br><br> HONORABLE PAUL L. MALONEY |

**Order**

**Directing the Corporate Defendant to Retain Counsel or Risk the Entry of Default**

On August 12, 2009, WB Music Corporation and seven other corporate entities, all represented by counsel, instituted this copyright action against Port City Cruise Line, Inc. ("Port City") and Sylvia J. Precious ("Precious"). On September 3, 2009, the court received notice that the summons was returned executed: Precious was served on August 31, 2009, making her answer due on September 21, 2009. On September 14, 2009, Precious filed a letter which the court construes as an answer to the complaint. Precious arguably is attempting to speak on behalf of Port City. Her letter states, in its entirety:

*In response to the summons to Port City Cruise Line Inc[.] and Sylvia J. Precious*

> CV742
>
> I was served on August 31, [2]009.
>
> I have offered to pay the plaintiff [sic] a fair license fee for this year.
>
> The license requested is $703.29. This is for occupancy of 1000 or more for operations that are in business 12 months.
>
> We operate May 31 to Sept. 31 with three months busier. We average 2-3 days weekly and our maximum capacity is 150. (I have enclosed documentation from the Coast Guard)[.] We seldo[m] are at capacity. I have enclosed samples of our schedule. We have narrations for most cruises rather than music. Our average per cruise is less than 50.
>
> I feel that 1/5 th of the 703.29 would be fair (6 songs) or $140. For this year only. Are you aware that one must purchase a list of thousands and that there are many of these agencys [sic]. There is no way of knowing who is representing who[m]. They would each have one purchase separate license[.]
>
> We have never sailed from 2411 Lake Avenue.
>
> Please consider that I have been in touch with the plaintiff.

Emphasis added. Precious does not list a Michigan Bar number or any other Bar number and thus appears not to be a licensed attorney, let alone an attorney admitted to practice before this court. Consequently, until and unless provided with proof that Ms. Precious is a licensed attorney, the court assumes that she is not. *See Toft v. Alexander & Assocs., Inc.*, 2007 WL 6867036, *1 (W.D. Mich. Oct. 17, 2007) (Maloney, J.) (making same assumption based on same absence of bar number or other evidence of licensed-attorney status).

"It has been the law for the better part of two centuries . . . that a corporation may appear in court only through licensed counsel."[1] *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02

---

[1] This rule also applies to limited liability corporations ("LLCs"). *See Lattanzia v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability corporation is a hybrid of the partnership

(1993) (citing *Osborn v. Bank of the US*, 9 Wheat. 738, 829 (1824) and *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991)). *See also Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. 60, 65 (1840) ("[A] corporation cannot appear but by attorney . . . ."); *Wimberly v. Enbridge*, 93 F. App'x 22, 23 (6th Cir. 2004) ("A corporation . . . must be represented in court by an attorney and may not be represented by an officer.") (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) and *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970)).[2]

---

and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.") (citing *Gilley v. Shoffner*, 345 F. Supp.2d 563, 566-67 (M.D.N.C. 2004) and *Kipp v. Royal & Sun Alliance Pers. Ins. Co.*, 209 F. Supp.2d 962, 963 (E.D. Wis. 2002)).

[2]
*Accord* **1st Circuit,** *In re Grand Jury Proceedings*, 469 F.3d 24, 26 (1st Cir. 2006);
**2nd Circuit,** *Lattanzia v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007);
**3rd Circuit,** *Marin v. Leslie*, – F. App'x –, 2009 WL 1949136, *2 (3d Cir. July 8, 2009);
**4th Circuit,** *Honour Technical Group, Inc. v. US*, 326 F. App'x 141, 142 (4th Cir. 2009);

**5th Circuit,** *Paradise Vill. Children's Home, Inc. v. Liggins*, 78 F. App'x 930 (5th Cir. 2003) (p.c.) (C.J. King, Jolly, Stewart) (citing *S.W. Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982);

**7th Circuit,** *Fid. Nat'l TIC of NY v. InterCounty Nat'l TIC*, 310 F.3d 537, 541 (7th Cir. 2002) (Bauer, Posner, Easterbrook) ("Cherry's withdrawal would leave the INTIC parties unrepresented, leading to default judgments against the three corporations (which can appear *only* by counsel).");

**8th Circuit**, *Loftin v. US*, No. 95-2150, 72 F.3d 133, 1995 WL 739859, *2 (8th Cir. Dec. 15, 1995) (affirming *sua sponte* dismissal of unrepresented corporate plaintiffs);

**9th Circuit,** *Zdun v. Henderson*, 308 F. App'x 215 (9th Cir. 2009) (p.c.) (Wallace, Trott, Rymer), *pet. cert. filed*, 77 U.S.L.W. 3692 (U.S. Apr. 14, 2009) (No. 08-1534);

**10th Circuit,** *Tal v. Hogan*, 453 F.3d 1244, 1254 with n. 8 (10th Cir. 2006) (collecting cases), *cert. denied*, 549 U.S. 1209 (2007);

**11th Circuit**, *Reshard v. Britt*, 819 F.2d 1573 (11th Cir. 1987), *aff'd by an equally divided en banc court*, 839 F.2d 1499, 1499 (11th Cir. 1998) (p.c.);

**D.C. Circuit,** *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006);

Because Precious is not a licensed attorney, she may not represent Port City in federal court. *See Sell v. Chase Bank JP Morgan*, 2009 WL 87020, *4 (W.D. Mich. Jan. 12, 2009) (Maloney, C.J.) ("Plaintiff's complaint suffers from numerous fatal defects. First, plaintiff is not an attorney. He cannot represent a corporation in federal court.") (citing, *inter alia*, *US v. 900 Monroe*, 106 F. App'x 466 (6th Cir. 2004) and *NLRB v. Consolidated Food Servs., Inc.*, 81 F. App'x 13, 15 n.1 (6th Cir. 2003)).[3] This rule has survived constitutional challenge. *See DCR Fund I, LLC v. TS Family Ltd. P'ship*, 261 F. App'x 139, 146 (10th Cir. 2008) (citing *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006)).

The defendants are advised that lack of resources on the part of the corporate defendant and/or the individual defendant does not excuse the corporate defendant's failure to have licensed counsel appear on its behalf. *See NK Beer Wine, Inc. v. USA*, No. 1:2008-cv-67, 2009 WL 1874031, *1 (W.D. Mich. June 29, 2009) ("Lack of resources does not excuse [corporate] Plaintiff's failure to have counsel appear on its behalf."); *accord Affourtit v. US*, 79 Fed. Cl. 776, 780 (Fed. Cl. 2008) ("the court 'is not free to waive this rule, even in cases of severe financial hardship.'") (quoting *Talasila, Inc. v. US*, 240 F.3d 1064 (Fed. Cir. 2001)).

The defendants are further advised that there is no authority allowing this court to appoint counsel for a corporation in a civil matter. *See NK Beer Wine*, 2009 WL 1874031 at *1 (citing

---

**Federal Circuit,** *D-Beam v. Roller Derby Skate Corp.*, 316 F. App'x 966, 967 (Fed. Cir.), *cert. denied sub nom. Evans v. RDS Corp.*, – U.S. –, 129 S.Ct. 575 (2008).

[3]

There is no Federal Rule or Local Civil Rule imposing this requirement. Rather, this requirement stems from the interpretation of the words "parties" and "personally" in 28 U.S.C. § 1654. That section provides that "parties may plead and conduct their own cases personally or by counsel." *Rowland*, 506 U.S. at 202-03 ("Save for a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") (footnote omitted) (citing, *inter alia*, *US v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) and *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983)).

*Specialty Vehicle Acquisition Corp. v. American Sunroof Corp.*, No. 07-13887, 2008 WL 344546, *2 (E.D. Mich. Feb. 7, 2008) (Duggan, J.) ("There is no provision in a statute, the Federal Rules of Civil Procedure, or the Local Rules allowing this Court to appoint counsel for a corporation in a civil matter. Nor is there any source of funding available to pay an attorney to represent a corporation in a civil matter.") and *Zamzam v. IRS*, 24 F. App'x 206 (4th Cir. 2002) (p.c.) (denying motion to appoint counsel for corporation on appeal because only natural persons qualify for *in form a pauperis* status) (citing *Rowland*, 506 U.S. at 197-98)).

**ORDER**

Accordingly, defendant Port City Cruise Line, Inc., **SHALL** have a licensed attorney file a notice of appearance on its behalf **no later than** Monday, November 9, 2009.

If the defendant fails to do so, the court **MAY** direct the Clerk's Office to enter a default against defendant Port City Cruise Line, Inc. (though not yet a default judgment). *See Toft v. Alexander & Assocs., LLC*, 2008 WL 6716271, *1 (W.D. Mich. Dec. 4, 2008) (Maloney, C.J.) ("No counsel has entered an appearance on behalf of the defendant, nor has the defendant sought an extension of time in which to secure representation by licensed counsel. Accordingly, in accordance with the rules of this court, default is hereby entered against the defendant . . . according to Rule 55(a) of the Federal Rules of Civil Procedure.") (citing *Willings v. Int'l Portfolio Mgmt., Inc.*, No 1:2004-cv-139, slip op. at 2 (W.D. Mich. Jan. 6, 2006) (Enslen, J.)).[4]

---

[4]

*See also Velocity Tools v. Nemic Indus. Supply Co.*, No. 1:06-cv-152, 2007 WL 2215419 (W.D. Mich. July 19, 2007) (Quist, J.) (where plaintiff corporation failed to obtain counsel within six months despite being warned of possible dismissal, court dismissed complaint with prejudice);

*Epicentre Strategic Corp.-Michigan v. Cleveland Const., Inc.*, No. 04-cv-40278, 2007 WL

This is <u>not</u> a final and appealable order.

**IT IS SO ORDERED this 22nd day of September 2009.**

                                                /s/ Paul L. Maloney
                                                Honorable Paul L. Maloney
                                                Chief United States District Judge

---

715297 (E.D. Mich. Mar. 7, 2007) (Komives, M.J.) (entering default against corporate defendant that failed to have counsel enter an appearance on its behalf);

*Mainline Fire Sprinkler Corp. v. US*, No. 4:03-mc-003, 2004 WL 882058, *2 (W.D. Mich. Mar. 17, 2004) (Carmody, M.J.) ("[Plaintiff] Corporation is being represented in the present matter by . . . its President. However, [he] is not an attorney, and, therefore, cannot represent [the corporation] in this matter. Plaintiff's claim, therefore, is subject to dismissal on this basis as well.") (citation omitted), *R&R adopted*, 2004 WL 1304032 (W.D. Mich. May 3, 2004) (Enslen, J.);

*Dailey v. R&J Commercial Contracting*, 2002 WL 484988, *5 (S.D. Ohio Mar. 28, 2002) (Smith, J.) ("Express Drywall, Inc., as a corporation, may proceed in court only if represented by an attorney. * * * Although an attorney has entered an appearance in this case, that appearance was limited to efforts to collect the default judgments . . . . Consequently, any claims advanced on behalf of Express Drywall are subject to dismissal.") (internal citations omitted);

*Licensed Ventures Int'l, Ltd. v. Dic Audiovisuel*, 1985 WL 3492, *2 (S.D.N.Y. Nov. 5, 1985) (Mary Lowe, J.) ("In consideration of plaintiff's failure to appoint substitute counsel and since a corporation cannot proceed *pro se* . . . , plaintiff is ordered to show cause within 15 days why this action should not be dismissed for failure to prosecute under FED. R. CIV. P. 41(b) . . . .").